**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  Chapter 7 No. 10-61053
Dominic H Britton and
Dawn C Britton  Hon. Phillip J. Shefferly
            Debtors.
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001(A)(3)

NOW COMES Wells Fargo Bank, NA, by and through its attorneys, Trott & Trott, P.C., and shows unto this Honorable Court as follows:

1. That Movant is a holder of a mortgage on property owned by the Debtor(s) and located at 7337 Royal Troon Dr, Ypsilanti, MI 48197-6239 (see attached copy of loan document(s));

2. That the Debtor(s) filed Chapter 7 Bankruptcy on June 29, 2010;

3. That pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the court shall grant relief from stay for cause, including lack of adequate protection of such party in interest;

4. That pursuant to the mortgage agreement, the Debtor(s) are required to remit monthly payments to Movant currently in the amount of $1,385.65;

5. That pursuant to the books and records of Movant, the Debtor(s) has failed to remit the required payments;

6. That Movant is not adequately protected as the direct payments are not being remitted and the loan is currently five (5) months in default, due and owing for March 1, 2010. At the time of the default, the payment amount was $1,385.65. Payment amounts may have changed since that time;

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628

7. That pursuant to 11 U.S.C. § 362(d)(2)(A) and (B), the Court shall grant relief from the stay if the Debtors do not have any equity in the property and the property is not necessary to an effective reorganization;

8. That the approximate market value of the subject property is $114,741.00;

9. That the total debt owing to Movant, is approximately $162,018.47, which includes Movant's Attorney fees and costs for filing this motion;

10. That BAC Home Loans Servicing and Amberly Grove Association may have an interest in the subject property to the knowledge and belief of Movant;

11. That no other creditor will receive any benefit from the sale of the subject property;

12. That in the event the automatic stay is terminated to allow Creditor to commence or continue its federal and/or state law rights as to the property, and Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as the Debtor(s) should Creditor seek to shorten the redemption period.

13. The Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

14. That pursuant to Local Bankruptcy Rule 9014-1(b)(4), attached is a copy of the proposed ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) labeled as Exhibit "1";

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628

15. That in the event a hearing on this motion is held and after said hearing the Court orders submission of an order in substantial compliance with Exhibit 1, presentment of said order shall be waived;

16. Concurrence from debtor's attorney and from Chapter 7 trustee was sought by movant's attorney's office on July 8, 2010 and concurrence was not able to be obtained from all parties.

WHEREFORE, Movant respectfully requests that the Court enter an ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) for good cause shown pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2), and that the Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3); and whatever other relief the Court deems just and equitable.

Respectfully Submitted,
Trott & Trott, P.C.

Dated: July 14, 2010

/S/ Adam Reatherford (P70827)
/S/ Athena Aitas (P61824)
/S/ Shawn C. Drummond (P58471)
Attorney for Wells Fargo Bank, NA
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-2525
248.642.2515
Email: EasternECF@trottlaw.com

T&T #332539B01

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE 248.642.2515
FACSIMILE 248.642.3628

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  Chapter 7 No. 10-61053
Dominic H Britton and
Dawn C Britton  Hon. Phillip J. Shefferly
              Debtors.
_____/

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3)

      Wells Fargo Bank, NA, by and through its attorneys, Trott & Trott, P.C., having filed a Motion For Relief From The Automatic Stay with respect to the property located at 7337 Royal Troon Dr, Ypsilanti, MI 48197-6239; and the approximate market value of the property is $114,741.00; and the current debt owing is approximately $162,018.47, which includes Movant's Attorney fees and costs for filing this Motion; and any surplus on the sale of this property shall be distributed pursuant to applicable state law and procedures; and any deficiency on the sale of this property shall be treated as an unsecured debt; and the Court being in receipt of the Motion, and the Court being fully advised in the premises:

      IT IS HEREBY ORDERED that the Automatic Stay is hereby terminated as to Movant with respect to the property located at 7337 Royal Troon Dr, Ypsilanti, MI 48197-6239 to allow Creditor to commence or continue its federal and/or state law rights to the property. In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Creditor seek to shorten the redemption period. Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.